**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles E. GIBBS, Defendant-Appellant.**

**No. 80–5388
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1981.

Charles E. Gibbs, pro se.

Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

Appellant Gibbs was indicted on four counts of bankruptcy fraud in violation of 18 U.S.C.A. § 152. The jury acquitted Gibbs on three counts but found him guilty on the fourth. This Court affirmed the conviction on appeal. *United States v. Gibbs*, 594 F.2d 125 (5th Cir.), *cert. denied*, 444 U.S. 854, 100 S.Ct. 110, 62 L.Ed.2d 71 (1979). Gibbs subsequently filed a petition to vacate his sentence pursuant to 28 U.S.C.A. § 2255 and a motion for a new trial. The district court held a hearing on both motions and denied both in separate orders dated March 3, 1980. Gibbs filed a notice of appeal of the denials on April 4, 1980.

We first consider Gibbs' appeal of the denial of his motion for a new trial. Gibbs charges that the district court abused its discretion in denying a motion for a new trial that raised issues concerning (1) knowing prosecutorial use of false evidence, (2) improper admission of evidence, (3) prosecutorial misconduct, (4) sufficiency of the evidence, and (5) denial of effective assistance

of counsel. The requirements for granting a motion for a new trial at this time are extremely strict and require the existence of newly-discovered evidence.[1] Gibbs does not appear to allege the existence of any such newly-discovered evidence, nor do the issues he raises appear to involve new evidence. We need not, however, reach the merits of Gibbs' claims. Fed.R.App.P. 4(b) provides that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after entry of judgment or order appealed from." Indeed, timely-filed notice of appeal is a jurisdictional prerequisite to appellate review. *Brant v. United States*, 210 F.2d 470, 471 (5th Cir. 1954); J. Moore, B. Ward, & J. Lucas, 9 *Moore's Federal Practice* ¶ 204.16 (2d ed. 1980). Gibbs filed his notice of appeal on April 4, 1980, more than 10 days after the March 3, 1980, entry of the district court's denial of the new trial motion. Therefore, we dismiss the appeal from the denial of the motion for a new trial because notice of appeal was not timely filed.

We turn next to issues arising from the denial of Gibbs' motion to vacate his sentence under 28 U.S.C.A. § 2255.[2] First, he argues that he was denied the opportunity adequately to prepare for the hearing on his motion to vacate. Gibbs specifically contends that he had inadequate time to prepare for trial and that he did not have adequate access to counsel, facilities, documents, and research and writing materials. Although we believe that the record indicates that Gibbs had the opportunity adequately to prepare for trial, we need not reach that issue. The district court questioned Gibbs concerning the receipt of materials he had requested, the subpoena of witnesses, and his access to counsel. Gibbs

---

1. Fed.R.Cr.P. 33 allows a motion on the basis of any ground other than newly-discovered evidence only within seven days of the verdict or within such further time as the court may fix during the seven-day period. This motion, being neither within the seven-day period nor within a further time limit set by the court during that period, can therefore only be based on newly-discovered evidence.

2. Time deadlines for filing appeals from orders regarding petitions under 28 U.S.C.A. § 2255 are governed by Fed.R.App.P. 4(a), not 4(b). *Rules Governing § 2255 Proceedings for the United States District Courts* 11; J. Moore, B. Ward, J. Lucas, 9 *Moore's Federal Practice* ¶ 204.08[1], at 4–30 & n.7. Rule 4(a) allows 60 days for any party to file a notice of appeal if the United States or an officer or agency of the United States is a party to the suit.

told the court that he had received the materials, that his witnesses had been made available, and that he had talked to counsel prior to the hearing. The appearance of an attorney as an additional witness on Gibbs' behalf was cancelled only after Gibbs' statement that the appearance was unnecessary. At no time prior to his appeal did Gibbs contend that his opportunity to prepare was inadequate in any way. Because Gibbs raises this issue for the first time on appeal, this Court is precluded from considering it. *United States v. Hicks*, 624 F.2d 32, 34 (5th Cir. 1980); *United States v. Hill*, 622 F.2d 900, 908 (5th Cir. 1980).

 Gibbs made two claims in his motion for relief under 28 U.S.C.A. § 2255, introduction of false testimony by the Government and ineffective assistance of counsel. The district court, noting that at the evidentiary hearing Gibbs waived any allegations not developed or argued at the hearing, addressed only the issue of competence of counsel, which in fact incorporated most of Gibbs' contentions concerning the introduction of false testimony. Gibbs again raises the issue of false testimony on appeal. We agree with the district court that Gibbs waived his contentions concerning false testimony, if ever they were separable from those concerning ineffective assistance of counsel, at the evidentiary hearing. The claim is, in any event, without merit. Though knowing prosecutorial use of false evidence or perjured testimony violates due process, *United States v. Anderson*, 574 F.2d 1347, 1355 (5th Cir. 1978), it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements. *United States v. Brown*, 634 F.2d 819, 827 (5th Cir. 1981). Gibbs furnishes no support other than his own testimony for his contention that three witnesses testified falsely concerning receipts used at his trial. Gibbs' testimony cannot provide a basis for concluding that the testimony of another witness was false.

In his claim that he received ineffective assistance of counsel, Gibbs makes several charges. He avers that his trial attorney was inadequately prepared, had not interviewed all witnesses, did not bring out relevant facts at trial, misadvised him, failed to object to "false accusations" by the prosecutor, failed to cross-examine a witness, and failed to use reasons advanced by Gibbs when moving for a new trial.[3]

 The law on effective assistance of counsel is well settled. Although a criminal defendant is entitled to counsel reasonably likely to render and actually rendering reasonably effective assistance, reasonably effective assistance does not mean assistance without error. *United States v. Burroughs*, 650 F.2d 595, 598 (5th Cir. 1981); *United States v. Johnson*, 575 F.2d 1347, 1359 (5th Cir. 1978). Moreover, our determination of whether Gibbs was denied effective assistance of counsel must be based on the totality of circumstances in the entire record rather than on specific actions. *Baldwin v. Blackburn*, 653 F.2d 942, 945–946 (5th Cir., 1981).

██ The district judge denying the petition in this case was in a uniquely well-qualified position for determining whether Gibbs was counseled effectively, for he had presided over Gibbs' original trial. The judge analyzed the record carefully and rejected all of Gibbs' assertions. We agree with the conclusions of the district judge. The preparation of counsel was adequate. Counsel or an investigator under him interviewed all witnesses but one who did not wish to be interviewed, and for that witness counsel obtained a summary of an FBI interview. "False accusations" of the prosecutor to which counsel did not object were, for the most part, appropriate for cross-examination and did not clearly require an objection. In no instance was failure to object prejudicial to Gibbs. Counsel did not misadvise Gibbs on opportunity to rebut the testimony of witnesses. The failure to

---

**3.** In his original petition Gibbs made two additional claims concerning ineffective assistance of counsel: (1) that trial counsel did not object to testimony elicited by the prosecution con-

cerning Gibbs' sexual indiscretions with a hotel employee, and (2) that appellate counsel was not effective. He raises neither claim on appeal.

cross-examine a witness or to bring out certain evidence could have been based on sound tactical reasons. The failure of counsel to move for a new trial because of perjured testimony and because of the existence of new evidence, reasons advanced by Gibbs, did not indicate ineffectiveness and could not have been prejudicial since the court would not have granted a new trial on those grounds.

Gibbs was aided by effective counsel. Certainly no error of counsel alleged by Gibbs was prejudicial to Gibbs' defense.

The judgment of the district court is AFFIRMED.