Andrew Edwin TIEMENS, a/k/a Edward
Pollard, Frank Pollard, James Stewart,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 83–8198
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 9, 1984.

G. Terry Jackson (Court Appointed), Savannah, Ga., for plaintiff-appellant.

Joseph D. Newman, Asst. U.S. Atty., Savannah, Ga., Mervyn Hamburg, Janis Kockritz, Appellate Sect. Crim. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This case comes to us on appeal under 28 U.S.C. § 2255 from the United States District Court, Southern District of Georgia, following the district court's denial of Tiemens' motion to vacate his conviction for

transportation of forged securities in violation of 18 U.S.C. § 2314.

Tiemens escaped from a Florida prison in June of 1979. In December, he was identified in a photospread as having been involved in a securities forging operation in Savannah, Georgia three months earlier. He was reapprehended in New York in March of 1980, and upon questioning admitted to complicity in the securities operation. Defendant was returned to Florida, where he was tried and convicted in July of 1980 for the prison escape. Shortly before his scheduled release in November of 1981, he was indicted in Georgia for unlawful transportation of forged securities and ultimately pled guilty.

■ Tiemens argues first that the government's delay of over a year and a half between the time it could have indicted Tiemens and the time it actually did, violated defendant's due process rights. Second, the defendant contends that he was denied his sixth amendment right to a speedy trial, in that he was constructively charged with the securities offense at the time of his apprehension in March of 1980, but was not tried until March of 1982.

In *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973), the Supreme Court reaffirmed that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." It has thus been held that a guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process. *United States v. Saldana,* 505 F.2d 628 (5th Cir.1974) (guilty plea waived sixth amendment right to speedy trial); *Lambert v. United States,* 600 F.2d 476, 477–78 (5th Cir.1979) (claim that defendant was denied due process by excessive bail was waived by guilty plea); *United States v. O'Donnell,* 539 F.2d 1233, 1236–37 (9th Cir.1976) (by pleading guilty, defendant waived his right

to assert that pretrial delay violated his due process rights).

■ Tiemens' third claim is that he was denied effective assistance of counsel because his attorney failed to raise the aforementioned claims relating to pre-indictment delay and speedy trial. The claims appellant now criticizes his trial counsel for failing to raise are without merit. In order for pre-indictment delay to rise to the level of a fifth amendment violation, there must be a demonstration 1) that the delay caused actual prejudice to the conduct of defendant's defense; and 2) that the delay was a deliberate attempt by the government to gain tactical advantage. *United States v. Lindstrom,* 698 F.2d 1154, 1157–58 (11th Cir.1983). It was recently observed that this standard is an exceedingly high one, and that no cases in this circuit have been found in which it has been met. *United States v. Solomon,* 686 F.2d 863, 872 (11th Cir.1982). Here, the prejudice alleged by defendant—that his opportunity to be sentenced on the securities charge concurrently with the escape charge—is at best speculative, not actual. He makes no other claim of prejudice. Neither does he offer any evidence that the government intentionally delayed the indictment to gain a tactical advantage. Consequently, the due process claim must fail.

■ The speedy trial claim is likewise untenable. In *United States v. Marion,* the Supreme Court explained that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971). Tiemens was reapprehended and detained in March of 1980 on charges of prison escape, not forgery of securities. The "actual restraints imposed by arrest and holding to answer" vis-a-vis the securities fraud charge did not occur until November of 1981; he was arraigned a month thereafter, and his case was disposed of within three months after

that. In short, appellant was not denied his right to a speedy trial.

 It is abundantly clear from the record that defendant's trial counsel was entirely adequate. In the words of the district court, "Mr. Metz [defendant's trial counsel] ... considered the questions of delay in prosecution and its potential as a defense to Mr. Tiemens. After investigating all of the facts and the law and consulting with more experienced attorneys of this bar he concluded that there was no basis for a defense on those grounds." Counsel is under no obligation to raise insubstantial claims on his client's behalf. *United States v. Gibbs,* 662 F.2d 728, 730–31 (11th Cir. 1981). Consequently, the opinion of the district court is

AFFIRMED.