UNITED STATES of America, Appellee,

v.

**Jerry Dean FLETCHER, Appellant.**

No. 83–2485.

United States Court of Appeals, Eighth Circuit.

Submitted April 5, 1984.

Decided April 10, 1984.

Winthrop, Weinstine & Sexton, Douglas B. Altman, St. Paul, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., D. Minn., Thomas Heffelfinger, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Jerry Dean Fletcher appeals from a final judgment of the District Court[1] for the District of Minnesota dismissing his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For reversal Fletcher argues that (1) the government improperly withdrew a plea proposal after he had accepted it and (2) the district court erred in refusing to conduct an evidentiary hearing before denying his § 2255 motion. For the reasons discussed below, we affirm.

Fletcher was charged in a one-count indictment with aiding and abetting the June 28, 1982, bank robbery of the Security State Bank in Albertville, Minnesota, in violation of 18 U.S.C. §§ 2113(a) and 2(a). Fletcher pleaded not guilty and was released on bail pending trial. He then entered into plea negotiations with the government. The prosecutor offered to recommend that the trial court impose a sentence of eight years imprisonment in exchange for Fletcher's plea of guilty. *See* Fed.R.Crim.P. 11(e)(1)(B). Before Fletcher accepted this proposal, Minnesota authorities arrested him on charges of aggravated robbery.

At this point, the factual versions of the government and defense diverge. According to the government, the Assistant United States Attorney prosecuting Fletcher notified defense counsel of the state robbery charge and immediately withdrew the plea offer. Subsequently, Fletcher attempted to accept the revoked plea offer.

According to defense counsel, both he and the prosecutor learned of the state robbery charge at about the same time. Defense counsel then spoke to Fletcher, who agreed to accept the plea offer. Defense counsel communicated this acceptance to the prosecutor. A few days later the prosecutor notified defense counsel that he was revoking the offer. The district court denied Fletcher's motion seeking specific enforcement of the plea agreement. On the date of trial, Fletcher changed his plea and entered a "straight" guilty plea expressly averring that his guilty plea was not induced by or made in reliance upon the revoked plea agreement.

On appeal Fletcher argues that the district court erroneously refused to grant specific performance of the proposed plea bargain. We are precluded from granting relief on this claim because Fletcher did not raise it in his § 2255 motion before the district court. *See Mustain v. Pearson,* 592 F.2d 1018, 1020 (8th Cir. 1979) (per curiam) (habeas corpus). The § 2255 motion alleged, *inter alia,* that Fletcher's guilty plea was subject to collateral attack because he was improperly induced to plead guilty on the basis of the "unkept" plea bargain. Nowhere in that motion did Fletcher seek specific performance of the plea bargain. At the plea hearing, Fletcher told the district court that he was not pleading guilty in reliance on the proposed plea agreement or any other agreement with the government. On the basis of this assertion, the district court determined that Fletcher's guilty plea was knowing and voluntary and not induced by the proposed plea agreement. Moreover, Fletcher's valid guilty plea constituted a waiver of any errors involving the proposed plea bargain. *See United States v. Mack,* 655 F.2d 843, 848 (8th Cir.1981); *Houser v. United States,* 508 F.2d 509, 516

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

& n. 48 (8th Cir.1974). Our disposition of this claim makes it unnecessary to consider whether the district court erred in failing to grant an evidentiary hearing.

Accordingly, the judgment of the district court is affirmed.