791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEON COUCH, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5853
 United States Court of Appeals, Sixth Circuit.
 4/10/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: MILBURN and RYAN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner's motion to vacate brought under 28 U.S.C. Sec. 2255 was denied by the district court. On appeal petitioner argues that his convictions of burglary of a post office and robbery of a postmaster violated the Double Jeopardy Clause of the Fifth Amendment and a plea agreement with the United States Attorney's Office in the Southern District of Indiana. For the reasons that follow, the judgment of the district court is affirmed.
 
 I.
 
 2
 On February 28, 1977, a four-count indictment was returned against petitioner in the Southern District of Indiana. In accordance with a plea agreement, all of the charges except Court II, forgery of postal money orders, were dismissed. On October 21, 1977, petitioner pleaded quilty to Count II.
 
 
 3
 On April 23, 1979, petitioner was indicted in the Eastern District of Kentucky for burglary of a post office at Ned, Kentucky, in violation of 18 U.S.C. Sec. 2115 and robbery of a United States Postmaster at Waddy, Kentucky, in violation of 18 U.S.C. Sec. 2114. Petitioner subsequently filed a motion to dismiss this indictment on three grounds. First, petitioner argued that the indictment violated the Double Jeopardy Clause. Second, petitioner argued that he was induced to enter the guilty plea in Indiana on the mistaken belief that no further action would be brought. Third, petitioner argued that the indictment was invalid due to inexcusable prosecutorial delay. App. at 46-51. The motion to dismiss was denied, and three days into trial petitioner entered a plea of guilty to both counts. The plea was accepted, and petitioner was sentenced. The case was not appealed.
 
 
 4
 On February 5, 1985, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. In his motion, petitioner advanced three arguments which were nearly identical to those advanced prior to his burglary and robbery convictions. First, petitioner argued that the robbery and burglary charges were obtained in violation of the Double Jeopardy Clause of the Fifth Amendment. Second, petitioner argued that the robbery and burglary charges violated the plea agreement reached in the Southern District of Indiana. Third, petitioner argued that his right to a speedy trial was violated. Without reaching the merits of these arguments, the district court (adopting the Report and Recommendation of the Magistrate) held that petitioner's claims were precluded by the holding of Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602 (1973).
 
 
 5
 On appeal petitioner advances only his claims based on the Double Jeopardy Clause and the plea agreement. Petitioner has not advanced the speedy trial argument before this court.
 
 II.
 
 6
 A. Guilty Plea as a Waiver of Petitioner's Claims
 
 
 7
 The district court, relying on Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602 (1973), held that no response to the merits of petitioner's arguments was necessary. Specifically, the district court relied on the following often quoted language in Tollett:
 
 
 8
 We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occur prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.
 
 
 9
 411 U.S. at 267, 93 S. Ct. at 1608.
 
 
 10
 Were Tollett the only authority on the issue, the language quoted above would certainly be broad enough to cover the instant case. However, the progeny of Tollett has narrowed the waiver principle. In Blackledge v. Perry, 417 U.S. 21, 30, 94 S. Ct. 2098, 2103 (1974), the Supreme Court held that a guilty plea does not foreclose challenges 'to the very power of the State to bring the defendant into court to answer the charges brought against him.' The following year in Menna v. New York, 423 U.S. 61, 96 S. Ct. 241 (1975) (per curiam), the Supreme Court applied this exception and held that a double jeopardy claim was not waived by a guilty plea. Interpreting Tollett, following Blackledge and Menna, we recognized that '[a] valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors.' Kowalak v. United States, 645 F.2d 534, 537 (6th Cir. 1981).
 
 
 11
 Applying these principles to the instant case, we hold first that petitioner's double jeopardy claim was not waived by his plea of guilty.[1] Second, we hold that petitioner's claim that his indictment violated an earlier plea agreement is a nonjurisdictional due process claim, which was waived by the plea of guilty. United States v. Fletcher, 731 F.2d 581, 582-83 (8th Cir.), cert. denied, 105 S. Ct. 155 (1984); see also Kowalak, 645 F.2d at 537; Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.) ('guilty plea waives all nonjurisdictional defects occurring prior to . . . the plea, including violations of the defendant's rights to a speedy trial and due process.'), cert. denied, 105 S. Ct. 134 (1984).
 
 B. Double Jeopardy Claim
 
 12
 Since petitioner is not held to have waived his double jeopardy claim, we now turn to the merits of this argument. Petitioner claims that his indictment for robbery and burglary after he had already been convicted of forging postal money orders violated the Double Jeopardy Clause. It is true, of course, that the Double Jeopardy Clause 'protects against a second prosecution of the same offense after conviction.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969) (emphasis added). The test to be applied in determining whether robbery and burglary are the 'same offense' as forgery was accounced in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932): 'whether each provision reguires proof of an additional fact which the other does not.'
 
 
 13
 Applying the Blockburger test to the instant case, it is clear that petitioner's argument is without merit. Petitioner's first conviction, under 18 U.S.C. Sec. 500, required proof that petitioner, with intent to defraud, passed, uttered, or published or attempted to pass, utter or publish any forged or altered money order knowing any material signature, stamp impression or endorsement thereon was falsely made. Proof of these facts is, obviously, not required to prove robbery of a postmaster under 18 U.S.C. Sec. 2114, or burglary of a post office under 18 U.S.C. Sec. 2115. Petitioner's conviction of burglary of a post office under 18 U.S.C. Sec. 2115, required proof that petitioner broke into or attempted to break into any post office with the intent to commit any larceny or other depredation. These facts need not be proved in order to obtain a conviction of forgery under 18 U.S.C. Sec. 500. Finally, in order to obtain a conviction of robbery of a postmaster in violation of 18 U.S.C. Sec. 2114, it was necessary to show that petitioner either assaulted with intent to rob or actually robbed a person having lawful charge of property of the United States. Again, it was not necessary to prove these facts in order to obtain the forgery conviction under 18 U.S.C. Sec. 500.
 
 III.
 
 14
 In summary, we hold that by entering a guilty plea petitioner waived his due process claim but not the double jeopardy claim. We further hold that petitioner's double jeopardy argument is without merit. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 We do not reach the issue of whether petitioner's failure to appeal, either standing alone or in combination with his plea of guilty, may have constituted a waiver of the double jeopardy claim. At least one other court has held that absent a showing of cause and prejudice, the failure to pursue a direct appeal bars a subsequent collateral attack under section 2255. Norris v. United States, 687 F.2d 899 (7th Cir. 1982)