895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce R. DRUMM, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 89-5437.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Bruce Drumm pleaded guilty to multiple indictments including charges of receiving stolen property, transfer of marijuana to a minor, providing alcohol to a minor, possession of drug paraphernalia, possession of a handgun by a convicted felon, distribution of pornographic material to a minor, intimidating a witness and third-degree rape. He received concurrent sentences ranging from twelve months to two years. Additionally, he was ordered to serve these sentences concurrent with two life sentences resulting from other convictions which are not the subject of the present appeal.
 
 
 3
 As grounds for federal habeas relief, Drumm claimed that he was denied his right to a speedy trial. He alleged that his trial was delayed for over three years and that he pleaded guilty only to bring an end to the proceedings. Drumm also filed a motion to supplement the record.
 
 
 4
 The district court denied both the petition and the motion to supplement the record. On appeal, Drumm renews the claims asserted in the district court, and further alleges that no factual bases to support his pleas were ever established.
 
 
 5
 Upon review we conclude that the district court properly dismissed the petition for a writ of habeas corpus because Drumm's right to a speedy trial was waived upon entry of his guilty pleas. The law is clearly established that a defendant who enters a guilty plea waives all nonjurisdictional defects, including alleged violations of constitutional rights. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.), cert. denied, 469 U.S. 837 (1984). Moreover, contrary to Drumm's argument, the right to a speedy trial is not jurisdictional in nature. E.g., United States v. Yunis, 723 F.2d 795, 796 (11th Cir.1984).
 
 
 6
 Drumm's second argument on appeal, that his pleas were invalid, is not before the court. Drumm failed to present this issue to the district court and he may not present it for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 7
 Finally, the district court did not abuse its discretion by denying the motion to supplement the record. Drumm sought support for his claim that he was denied a speedy trial. However, because Drumm waived his right to speedy trial, supplementation of the record was not required.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.