NOT RECOMMENDED FOR PUBLICATION

File Name: 06a0500n.06

Filed: July 17, 2006

NO. 04-4058

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| **v.** | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE NORTHERN DISTRICT OF OHIO** |
| **BARNETT DOSSIE,** | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |

Before: MOORE and SUTTON, Circuit Judges; and BUNNING, District Judge.[1]

**DAVID L. BUNNING, District Judge**. In this direct criminal appeal, Defendant challenges his conviction and sentencing on various grounds. More particularly, Defendant appeals the district court's denial of his motion to dismiss the indictment. Defendant also appeals his sentence, arguing that the district court improperly calculated his criminal history score. Despite the appellate waiver in his plea agreement, Defendant argues that he is entitled to a re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

For the reasons set forth below, we affirm the denial of Defendant's motion to dismiss the indictment, find no plain error in the calculation of Defendant's criminal history category, and conclude that Defendant is not entitled to a *Booker* remand.

---

[1] The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.     Background**

In the fall of 2002, the Drug Enforcement Agency (DEA) and Akron Police Department Narcotics Unit initiated an investigation of several individuals, including Defendant Barnett Dossie.  During that investigation, law enforcement successfully made two controlled drug purchases from Dossie: 13.8 grams of crack cocaine on November 13, 2002, and 27.1 grams of crack cocaine on November 20, 2002.

Based, in part, on information about Dossie's involvement in these two transactions contained in an affidavit from a DEA agent, on March 7, 2003, law enforcement executed state search warrants on two locations linked to Dossie.  The fruits of these searches, including 1,240 grams of crack cocaine seized from 1101 Independence Place, Apartment 116, formed the basis of an initial federal criminal case against Dossie.

On July 9, 2003, the government filed a Criminal Information (Case No. 5:03 CR 0266) charging Dossie with a single count of possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A).  On July 29, 2003, Dossie was arraigned on the criminal information and formally waived indictment.

On September 2, 2003, Dossie entered a guilty plea pursuant to a written plea agreement before U.S. District Judge James Gwin.  Sentencing was set for November 18, 2003.

On October 31, 2003, Dossie moved to withdraw his guilty plea.  On November 18, 2003, and after hearing argument on the motion, Judge Gwin granted Dossie's motion to withdraw his guilty plea and set the matter for trial on December 11, 2003.  In the interim, Dossie filed a motion to suppress evidence, which was denied.

Dossie's trial commenced on December 11, 2003.  During the trial, the government

introduced evidence pertaining to Dossie's crack cocaine sales on November 13 and 20, 2002, pursuant to Federal Rule of Evidence 404(b).  On December 12, 2003, the jury returned a not guilty verdict on the charge of possession with intent to distribute more than 50 grams of crack cocaine.

On March 3, 2004, Dossie was indicted by the grand jury and charged with two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  These charges involved the same November 13 and 20, 2002, sales of crack cocaine which had been admitted pursuant to Rule 404(b) in Dossie's earlier trial.

On March 26, 2004, the government moved in limine to prohibit Dossie, his counsel, or any witness from making direct or indirect references during the trial to Dossie's earlier acquittal in Case No. 5:03 CR 0266.

On April 19, 2004, the government filed a Notice of prior convictions pursuant to 21 U.S.C. § 851, which advised Dossie that he faced an enhanced minimum mandatory sentence of ten years if convicted.

In response to the government's motion in limine, Dossie filed a motion to dismiss the indictment on grounds of double jeopardy and collateral estoppel, as well as a response to the government's motion in limine.

On May 4, 2004, the district court denied Dossie's motion to dismiss and granted the government's motion in limine.  However, the district court permitted defense counsel "to examine the witness called in the context of the government's 404(b) evidence in Case No. 5:03 CR 0266 in an impeachment effort or to refresh the witness's recollection concerning the prior testimony in Case No. 5:03 CR 0266 by asking the witness, *if in a prior proceeding*, the witness provided the following testimony, or words to that effect."

3

On May 6, 2004, Dossie entered a conditional guilty plea to both counts of the indictment pursuant to a written plea agreement.

In his written plea agreement, Dossie stipulated that the amount of drugs for both statutory and guideline purposes was more than 35 grams but less than 50 grams of cocaine base, which yielded a sentencing guideline base offense level of 30. Dossie also acknowledged he had two prior felony drug convictions which subjected him to an enhanced minimum statutory sentence of not less than 10 years. Dossie further agreed not to seek a downward departure from the applicable guideline imprisonment range.

Because the plea was conditional, Dossie reserved within his plea agreement the right to "have an appellate court review an adverse determination of a specified pre-trial motion, that is a motion to dismiss the indictment on double jeopardy and collateral estoppel grounds, filed on or about April 30, 2004, and denied by the district court after oral hearing on May 4, 2004." Dossie also reserved the right "to appeal the Criminal History Determination and the imposition of any sentence inconsistent with the provisions of [his] plea agreement." This limited waiver of appeal was extensively discussed by the district judge during the taking of the plea.

Notwithstanding these specific reservations, Dossie's plea agreement did contain a waiver of other appellate rights. More particularly, Dossie's plea agreement stated that he "acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence ..., including the appeal right conferred by 18 U.S.C. § 3742.... The defendant expressly waives those rights" except as otherwise provided for within his plea agreement.

At sentencing on August 12, 2004, Dossie did not object to the presence report,

4

which had recommended a total offense level of 28 and a criminal history category IV. The criminal history category was based on 8 criminal history points. Although Dossie was facing a minimum statutory sentence of 10 years and a guideline sentence of 110-137 months, the district court sentenced Dossie to 92 months imprisonment, followed by 4 years of supervised release.[2]

In his appeal, Dossie challenges the district court's granting of the government's motion in limine and denial of his motion to dismiss, the calculation of his criminal history score, and argues that remand for re-sentencing is warranted under *United States v. Booker*.

In his first assignment of error, Dossie argues that by granting the government's motion in limine, which precluded him from being able to introduce evidence of his previous acquittal in case number 5:03 CR 0266, and by denying his motion to dismiss, the district court violated his Fifth Amendment Due Process rights, his Sixth Amendment rights to a fair and speedy trial, and ran afoul of Rule 403 of the Federal Rules of Evidence and Rule 48(b) of the Federal Rules of Criminal Procedure. Dossie argues that the district court should have granted his motion to dismiss based on pre-indictment delay. The government argues that the issues raised in Dossie's first assignment of error are not properly before the Court because they were not raised before the district court and were not subject to the limited waiver of appeal set forth in Dossie's plea agreement.

As his second error, Dossie argues that the district court erroneously assessed

---

[2] Although the record on appeal is devoid of any reference to a U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) motion made by the government at sentencing, because the sentence imposed by the district court was below the otherwise applicable statutory minimum and sentencing guideline range, the Court assumes such a motion was granted at sentencing.

criminal history points for two Akron Municipal Code misdemeanor convictions for occupying a drug premises. According to Dossie, the assessment of these points increased his criminal history category from a category III to a category IV. Because Dossie failed to object to the assessment of these points at sentencing, the government argues that a plain error standard of review should apply. Under that standard, and because those two offenses were similar to the instant offense of conviction, the government submits the district court did not commit plain error in assessing criminal history points for these two convictions.

As an alternative ground for remand, Dossie argues that because he was sentenced under the then-mandatory sentencing guidelines, which have now been made advisory pursuant to *Booker*, the district court's sentencing amounted to plain error. In response, the government argues that pursuant to our decision in *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), Dossie has waived his right to make a *Booker* challenge on appeal.

**II.    Analysis**

**A**.    **Waiver of Issues not Preserved for Appeal in Conditional Plea Agreement.**

A defendant's knowing and voluntary waiver of a right to appeal in a plea agreement precludes appellate review. *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996). Whether a defendant waived his right to appeal is a legal question which this Court reviews *de novo*. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005).

Dossie's written plea agreement contained three specified areas for which he reserved the right to appeal. First, he reserved the right to appeal the district court's adverse determination of his motion to dismiss on double jeopardy/collateral estoppel

6

grounds. During the plea colloquy, the district judge referred to this as indicating that Dossie was allowed to appeal the "double jeopardy/collateral estoppel" issue. Second, Dossie reserved the right to appeal the district court's criminal history determination, and, third, he could appeal the imposition of any sentence inconsistent with the provisions of the plea agreement.

Rather than directly attack the district court's adverse ruling on his motion to dismiss, Dossie has chosen to raise several issues that were not raised below. These issues include an alleged Fifth Amendment Due Process violation, an alleged Sixth Amendment speedy trial violation, and alleged violations of Rule 403 of the Federal Rules of Evidence and Rule 48(b) of the Federal Rules of Criminal Procedure.

While conceding that his plea agreement limited any appeal to the district court's adverse determination of his motion to dismiss the indictment on double jeopardy and collateral estoppel grounds, Dossie argues that such limitation does not eliminate or otherwise limit our consideration of the issues raised within Dossie's motion to dismiss, the grounds for that motion, arguments considered during the hearing on that motion, or the grounds on which the district court ultimately made its adverse determination.

Federal Rule of Criminal Procedure 11(a)(2) provides that a criminal defendant, with the consent of the Government and the court, may enter a conditional guilty plea, "reserving in writing the right to appeal adverse decisions of specified pretrial motions." *United States v. Woosley*, 361 F.3d 924, 928 (6th Cir. 2004). We have previously held that "a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion ... unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Rule 11(a)(2)." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003).

7

"Conditional guilty pleas ... represent an exception to the general rule that a guilty plea waives all non-jurisdictional defects in the pre-plea proceedings." *Id.*

In *Woosley,* we determined that a defendant could "not appeal the district court's adverse ruling on his motion for a *Franks* hearing, as he did not reserve his right to appeal that issue." 361 F.3d at 928. The rationale for this decision stemmed from the fact that the defendant's "conditional guilty plea only reserved the right to appeal the district court's ruling…denying his motion to suppress." *Id.* Because "Woosley's motion for a *Franks* hearing was not part of his motion to suppress, and it was not disposed of in the district court's order" denying his motion to suppress, the Court determined that the defendant did not reserve his right to appeal that issue.

In this case, Dossie's conditional plea agreement waived his right to appeal all issues except for specifically delineated issues, such as the district court's adverse determination of his motion to dismiss the indictment on double jeopardy and collateral estoppel grounds. Upon review of Dossie's motion (J.A. at 23-37), the government's written response (J.A. at 38-50), the transcript of the hearing on Dossie's motion (J.A. at 147-193), and the district court's Order denying the motion to dismiss the indictment and granting the government's motion in limine (J.A. at 113-116), we conclude that the issues raised on appeal by Dossie are not properly before the Court.

Although there is some discussion by the district court regarding the government's ability to prosecute Dossie piecemeal, that is, proceed via indictment on the two substantive trafficking counts after an acquittal on the criminal information, the discussion focused almost exclusively on Defendant's double jeopardy and collateral estoppel argument. In fact, there is only one mention of delay during the entire hearing, and even then it was in

8

reference to the government's ability, after Dossie withdrew his guilty plea to the information, to move to delay the trial and seek an indictment that encompassed all charges.  Dossie never argued that his constitutional rights to a speedy trial were violated by the way in which he was prosecuted.  Just as importantly, the record is silent regarding how Dossie was prejudiced by any delay.

As we stated in *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001), "a voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." Pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure, a defendant may, with the approval of the court and consent from the government, enter a conditional plea of guilty "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."  In Ormsby, the court held that the defendant, while reserving the right to appeal other specified issues, did not reserve the right to appeal the denial of his motion to dismiss.  *See, e.g., United States v. Napier,* 233 F.3d 394, 399 (6th Cir. 2000) (issue not specified in conditional plea was not preserved for appeal).

The opposite is true in this case.  Although Dossie preserved his right to appeal the district court's denial of his motion to dismiss the indictment on double jeopardy/collateral estoppel grounds, his conditional guilty plea did not preserve his ability to appeal other issues not specifically preserved in his plea agreement.

"Constitutional objections that appear for the first time on appeal are conclusively deemed to be waived."  *United States v, Hall,* 200 F.3d 962, 964 (6th Cir. 2000) (internal quotation omitted).  Moreover, a defendant who pleads guilty may not raise challenges based on denial of due process rights to a speedy trial.  *See, e.g., United States v.*

9

*Gonzalez-Arimont*, 268 F.3d 8, 11-12 (1st Cir. 2001) (guilty plea without reserving right to appeal waives right to appeal under Speedy Trial Act); *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996) (right to speedy trial is non-jurisdictional and is waived by guilty plea unless defendant specifically reserves right to appeal); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (guilty plea waives right to speedy trial); *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (constitutional right to speedy trial is non-jurisdictional and waived by guilty plea).

At no point prior to this appeal did Dossie assert a Fifth Amendment Due Process claim, Sixth Amendment speedy trial claim, or a claim under Federal Rule of Evidence 403 or Rule 48(b) of the Federal Rules of Criminal Procedure. Therefore, because Dossie did not raise these grounds in the district court, his conditional guilty plea does not preserve these issues on appeal. *United States v. Glasgow*, 790 F.2d 446, 449 (6th Cir. 1985), *cert. denied*, 475 U.S. 1124 (1986).

**B.     The Second Prosecution of Dossie did not violate his Fifth Amendment right to be free from Double Jeopardy.**

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. It "protects against a second prosecution for the same offense after conviction or acquittal, and against multiple punishments for the same offense." *Palazzolo v. Gorcyca,* 244 F.3d 512, 516 (6th Cir. 2001).

Dossie's double jeopardy claim is governed by *United States v. Felix*, 503 U.S. 378 (1992). In *Felix*, the defendant was prosecuted for drug transactions that occurred in Oklahoma. During a previous trial for drug transactions in Missouri, the Oklahoma drug

10

transactions were admitted as "other acts" evidence under Federal Evidence Rule 404(b). The Supreme Court held that the evidentiary use of the Oklahoma transactions was not the same as prosecuting the defendant for those offenses, and thus the Double Jeopardy Clause did not bar the later prosecution for the Oklahoma transactions. *Id.* Citing *Dowling v. United States*, 493 U.S. 342 (1990), the Court recognized a "basic, yet important, principle that the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." *Felix*, 503 U.S. at 387.

The holding of *Felix* is on all fours with Dossie's case and compels us to conclude that, despite Dossie's acquittal on the possession charge, the introduction of the two November 2002 crack cocaine sales as "other acts" evidence in Dossie's first trial was not the same as prosecuting him for those two offenses. Additionally, the indictment in the case below involved different offenses, that is, distribution of 13.8 grams of crack cocaine on November 13, 2002, and 27.1 grams of crack cocaine on November 20, 2002, from the charge in Case No. 5:03 CR 0266, which charged Dossie with possessing 50 grams or more or crack cocaine on March 7, 2003 with intent to distribute.

For these reasons, the Double Jeopardy Clause did not prohibit the later prosecution of him for the two crack cocaine sales. Thus, we affirm the district court's decision denying Dossie's motion to dismiss on double jeopardy/collateral estoppel grounds.

**C.** **The District Court Did Not Commit Plain Error in Assessing Dossie Criminal History Points for Two Local Ordinance Convictions for Occupying a Drug Premises.**

Although Dossie reserved the right to appeal the district court's criminal history determination in his conditional plea agreement, he did not object to the assessment of

criminal history points at sentencing. Because Dossie did not object to the assessment of criminal history points, this Court reviews the calculation of criminal history points for plain error. Fed. R. Crim. P. 52(b); *Johnson v. United States*, 520 U.S. 461, 465-66 (1997).

While conceding there was no contemporaneous objection at sentencing, Dossie argues in his Reply brief that he preserved the issue for appeal by his express reservation within his plea agreement. Based on the language in his plea agreement, Dossie argues the standard of review should be *de novo*, as opposed to plain error. We disagree.

The preservation in writing of an issue for appeal pursuant to Rule 11(a)(2) does not eliminate the need to object at sentencing to preserve *de novo* review of that same issue on appeal. Even though the plea agreement in this case gave Dossie the opportunity to appeal the criminal history determination, he was not relieved of his obligation to object at sentencing to ensure *de novo* review of that issue. To hold otherwise would permit *de novo* review of sentencing issues the district court never had the opportunity to adjudicate, a holding we are not prepared to adopt. *See United States v. McBride*, 362 F.3d 360, 373 (6th Cir. 2004) ("[A]bsent plain error, th[e] Court will not address claims of alleged misapplication of the [sentencing] guidelines unless the defendant first raised the claim before the district court.")

Because Dossie's challenge to the determination of his criminal history category is being raised for the first time on appeal, it is reviewed for plain error.

The computation of a defendant's criminal history category is governed by U.S.S.G. §§ 4A1.1 and 4A1.2. Pursuant to U.S.S.G. § 4A1.2(c)(1), misdemeanor offenses are counted in calculating criminal history except when the offense is similar to a listed

offense,[3] unless the defendant was sentenced to a term of probation of at least one year or a term of imprisonment of at least thirty days, or the prior offense was similar to the instant offense. *United States v. Mendez-Lopez,* 338 F.3d 1153, 1160 (10th Cir. 2003).

However, certain misdemeanor or petty offenses are never countable. Pursuant to U.S.S.G. § 4A1.2(c)(2), sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: Hitchhiking; Juvenile status offenses and truancy; Loitering; Minor traffic infractions (e.g., speeding); Public intoxication; Vagrancy.

Dossie argues that his two convictions for violating Akron Municipal Code § 138.25 for occupying a drug premises do not satisfy the foregoing criteria and were, therefore, erroneously included in his criminal history score. The government proffers two bases for upholding the assessment of criminal history points for occupying a drug premises in violation of Akron Municipal Code § 138.25. First, the government argues that Dossie's violations of section 138.25 are also criminal offenses under state law. Second, the government argues that those violations are similar to his instant offense under section 4A1.2(c)(1). For both reasons, the government contends Dossie was properly assessed one point for each conviction.

---

[3] The listed offenses in U.S.S.G. § 4A1.2(c)(1) include: Careless or reckless driving; Contempt of court; Disorderly conduct or disturbing the peace; Driving without a license or with a revoked or suspended license; False information to a police officer; Fish and game violations; Gambling; Hindering or failure to obey a police officer; Insufficient funds check; Leaving the scene of an accident; *Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)*; Non-support; Prostitution; Resisting arrest; Trespassing (emphasis added).

Dossie's violations of section 138.25 of the Akron Municipal Code[4] were properly counted in calculating his criminal history score under section 4A1.2(c)(1) because they were similar to his instant offense.[5]  In *United States v. Katsakis*, the defendant claimed that in sentencing him for cocaine-related conspiracy charges, the district court erred by including a conviction for violating a city ordinance prohibiting the use of marijuana in calculating his criminal history.  *See United States v. Katsakis,* 976 F.2d 734, 1992 WL 232491, at *10 (6th Cir. Sept. 21, 1992)(unpublished table decision).  We concluded that although the sentencing guidelines did not define the term "similar" as it is used in section 4A1.2(c)(1), the defendant's "conviction for using marijuana was sufficiently similar to his present conviction for conspiracy to possess with intent to distribute cocaine to support the district court's decision to count the conviction under section 4A1.2(c)(1) in calculating [defendant's] criminal-history score."  *Id.*  Similarly, in *United States v. Woods,* we concluded that "[s]imple possession of a controlled substance [was] sufficiently similar" to defendant's conviction for conspiracy to distribute narcotics "to merit inclusion under § 4A1.2(c)(1)(B) (count if prior offense *similar* to instant offense)."  *United States v. Woods,* 172 F.3d 50, 1998 WL 940245, at *2 (6th Cir. Dec. 23, 1998)(unpublished table decision).

In the instant case, Dossie's convictions for occupying a drug premises and his

---

[4]  Section 138.25, styled "Occupying a drug premises" provides:
A. No person shall occupy, loiter, or remain in any building, apartment, store, automobile, boat, boathouse, airplane, or other place of any description whatsoever where controlled substances, hypodermic syringes, needles, or other instruments or implements are sold, dispensed, furnished, given away, stored, or kept illegally, with the intent to unlawfully use or possess such substance, implements, or instruments.
B. Whoever violates this section is guilty of occupying a drug premises, a minor misdemeanor.

[5]  Because we uphold the assessment of criminal history points on this basis, we need not address the government's alternate theory.

14

instant cocaine distribution convictions each involved crack cocaine. More importantly, the offenses are similar as Dossie was charged with cocaine distribution herein and the Akron ordinance violation related to occupying a drug premises "with the intent to unlawfully use or possess controlled substances." The instant offense relates to crack cocaine distribution and the Akron ordinance violations require proof that the defendant occupied the premises with the intent to use or possess the crack cocaine found on the premises. It is this similarity which makes this case similar to that of *Katsakis* and *Woods*, and mandates that we find no plain error in the assessment of criminal history points for the two Akron Municipal Code violations.

Dossie's attempt to portray his Akron Municipal Code convictions as mere non-countable loitering offenses in an effort to exclude them from his criminal history score is unavailing. Loitering by itself does not violate section 138.25. What violates the ordinance is loitering and the intent to use or possess controlled substances. Although loitering may satisfy one of the elements of section 138.25, it does not transform Dossie's occupying a drug premises convictions into simple, non-countable loitering offenses.

In determining whether Dossie's convictions for occupying a drug premises in violation of Akron Municipal Code section 138.25 are similar to loitering and therefore should not be included in determining Dossie criminal history score, we have recently adopted an "essential characteristics test." See *United States v. Cole,* 418 F.3d 592 (6th Cir. 2005). In *Cole*, we stated that to determine whether a prior offense is "similar to" those enumerated offenses that the sentencing guidelines state may not be counted as part of a defendant's criminal history score, courts should compare the actual conduct underlying the offenses being compared and consider the similarity between the essential

15

characteristics of the activity underlying the offense of prior conviction and those underlying the listed offense. *Id.* at 598. In conducting that analysis, courts should consider whether the underlying conduct of the offenses is "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness" regardless of the titles of the two offenses or their legal elements) (internal quotations omitted). *Id.* at 597.

Application of the *Cole* essential characteristics test to Dossie's prior convictions for occupying a drug premises leads us to conclude that those offenses are not similar to the listed offense of loitering in U.S.S.G. § 4A1.2(c)(2). First, the definition of Akron Municipal Code section 138.25 requires proof that the person (1) occupy, loiter, or remain in any building . . . , (2) where controlled substances . . . are sold, dispensed, furnished, given away, stored, or kept illegally, (3) with intent to unlawfully use or possess such substances. In fact, the very title of the ordinance, "Occupying a drug premises," indicates that it was designed and intended to punish the drug activity itself, not mere occupying or loitering. Occupying, loitering, or remaining in any building, without more, while satisfying the listed offense of "loitering", would clearly not satisfy the elements of section 138.25 of the Akron Municipal Code. It is the presence of drugs and the intention to use or possess those drugs which violates the ordinance.

Second, although "loitering" is not defined within the guidelines, this Court has relied upon secondary sources in determining what constitutes an excludable offense pursuant to U.S.S.G. § 4A1.2(c)(2). *See Cole*, 418 F.3d at 598 (relying upon Black's Law Dictionary to determine what constitutes a "juvenile status offense" for purposes of section 4A1.2(c)(2)). Black's defines loitering as "[t]he criminal offense of remaining in a certain place (such as a public street) for no apparent reason." Black's Law Dictionary (8th ed.

2004). The offense of "loitering" as defined by Black's thus differs greatly than the elements required for "occupying a drug premises" in violation of Akron Municipal Code section 138.25.

Third, the underlying conduct of the Akron Municipal Code violations (*see* footnote 6) is vastly different than the ordinary loitering offense and resembles the listed offense of loitering only to the extent that both require some level of occupation of a place or building.

Finally, the distinction between a non-countable, mere loitering conviction and a countable loitering to obtain drugs conviction has been recognized by the Third Circuit. *See United States v. Harrity*, 64 Fed.Appx. 335, 337-38 (3rd Cir. 2003) (finding that defendant's New Jersey conviction for loitering for the purpose of obtaining or distributing drugs is not similar to loitering as defined in U.S.S.G. § 4A1.2(c)(2)). In our view, this distinction is consistent with our decision in *Cole,* and it leads us to conclude that Dossie's convictions for violating Akron Municipal Code section 138.25 are not similar to loitering as defined in U.S.S.G. § 4A1.2(c)(2).

The challenged convictions for occupying a drug premises were clearly reflected in Dossie's pre-sentence report, and no objection was made at sentencing. As a result, no further investigation of these convictions was done below.[6] Under these facts, there is no basis for us to find plain error on appeal.

For these reasons, Dossie's previous convictions for occupying a drug premises in

---

[6] The offense dates were October 5, 2000 and February 19, 2002 respectively. According to the pre-sentence report, on October 5, 2000, Dossie was found to occupy 1114 Maryville at the time of a narcotic raid, where crack cocaine was found. J.A. at 213. On February 19, 2002, Dossie was found to be inside a crack house with other known crack cocaine users. J.A. at 213-214. During a search of the residence, law enforcement officers found several crack pipes, marijuana, and a plastic baggie containing powder cocaine. *Id.*

17

violation of Akron Municipal Code section 138.25 are sufficiently similar to his instant convictions to warrant their inclusion in his criminal history score pursuant to U.S.S.G. § 4A1.2(c)(1). As a result, the district court did not plainly err in assessing Dossie criminal history points for these two convictions.[7]

**E.      Dossie's Waiver of the Right to Appeal his Sentence Precludes a  *Booker* Remand.**

We review the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

Dossie claims that despite his appellate waiver, because he was sentenced under a mandatory guideline regime, which was invalidated by *Booker*, remand for re-sentencing is necessary in light of *Booker*. The government argues that a *Booker* remand is not compelled in this case as Dossie has validly waived his right to appeal his sentence. In support of its argument, the government urges us to follow our decision in *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005).

As an initial matter, we note that because Dossie stipulated to the amount of drugs for sentencing guideline purposes, there was no Sixth Amendment violation when the district court based its sentence on that amount of drugs. *See Booker*, 543 U.S. at 244 (there is no Sixth Amendment violation when a district court bases a sentencing

---

[7] Dossie also has no constitutional claim regarding the district court's determination of his criminal history category. First, because Dossie did not object to the probation officer's calculation of his criminal history category IV at sentencing, the district court was not required to engage in any judicial fact finding. Second, as we recently stated in *United States v. Blood*, a district court's reliance on a defendant's prior convictions in determining his sentence does not constitute a Sixth Amendment violation. 435 F.3d 612, 631 (6th Cir. 2006).

determination on facts admitted by the defendant). Here, Dossie stipulated in his plea agreement that the amount of drugs was at least 35, but less than 50 grams of cocaine base.

In his plea agreement, under the heading "Sentencing", Dossie and the government agreed to the following:

> The defendant understands that sentencing rests within the discretion of the Court; that the Court is required by Title 18, Section 3553, United States Code, to consider any and all applicable guidelines issued by the United States Sentencing Commission that are in effect on the date the defendant is sentenced, and that under some circumstances the Court may depart from the computed sentencing range. [J.A. at 122.] The defendant further understands that the United States Sentencing Guideline (U.S.S.G.) Imprisonment range will be determined by the Court at the time of sentencing, after a presentence report has been prepared by the U.S. Probation Office and reviewed by the parties. *Id.* The defendant agrees not to seek a downward departure from the applicable guideline imprisonment range. [J.A. at 123.]

> The government agrees not to seek an upward departure from the applicable guideline imprisonment range; however, reserves the right of allocution and to make any sentencing recommendations within the terms of this agreement. [J.A. at 124.]

In his plea agreement, under the heading "Waiver of Defenses, Appeal and Collateral Attack Rights", Dossie and the government agreed to the following:

> The defendant acknowledges having been advised by counsel of his rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The *defendant expressly waives those rights* except that the defendant reserves the right under Rule 11(a)(2), Federal Rules of Criminal Procedure, with the express consent of the court and government, to have an appellate court review an adverse determination of a specified pre-trial motion, that is a motion to dismiss the indictment on double jeopardy and collateral estoppel grounds, filed on or about April 30, 2004, and denied by the district court after oral hearing on May 4, 2004. The defendant also reserves the right to appeal the Criminal History Determination and the *imposition of any sentence inconsistent with*

*the provisions of this plea agreement.*  Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct (emphasis added).

J.A. at 124-25.

During the extensive plea colloquy, the district court discussed Dossie's plea agreement with him and verified that he was waiving his right to appeal except in three specifically delineated circumstances.  J.A. at 200-04.  First, the district court verified that Dossie understood that the conditional plea agreement permitted him to appeal the court's "earlier ruling about the double jeopardy slash collateral estoppel." J.A. at 200-01.  Second, the district court confirmed that Dossie understood that he reserved the right to appeal the criminal history determination.  J.A. at 202.  Lastly, the district court verified that the conditional plea agreement permitted Dossie to appeal the imposition of "any sentence that was inconsistent with the provisions of this plea agreement."  *Id.*

After verifying that Dossie understood the limited issues he preserved for appeal within his plea agreement, the district court told Dossie those were the only issues he could appeal.  J.A. at 204.  Dossie stated he understood.[8]  *Id.*

In view of this extensive colloquy, detailed herein, we conclude Dossie's waiver of appeal was knowing and voluntary and he understood the consequences of the waiver.

In this case, it is undisputed that the 92 month sentence imposed by the district court

---

[8]  The specific colloquy was as follows:
THE COURT: But that's about all you've reserved.  And I want you to be sure you understand that.
THE DEFENDANT: Okay.
THE COURT: Now, if you've got more questions on this, I'll try to answer them, Mr. Dossie, because it is fairly complicated.
THE DEFENDANT: No, I understand.
THE COURT: Okay.  Thank you.

was below the otherwise applicable sentencing guideline range of 110-137 months, and the statutory minimum mandatory sentence of 120 months. We, therefore, conclude that the sentence imposed was not inconsistent with the provisions of the plea agreement.

Because the sentence imposed was not inconsistent with the terms of the plea agreement, Dossie's valid appeal waiver precludes him from seeking review of his sentence under *Booker*. This is true even though Dossie was sentenced pursuant to the pre-*Booker*, mandatory guideline regime. In reaching this decision, we are persuaded by our recent decision in *United States v. Dillard*, 438 F.3d 675 (6th Cir. 2006).

In *Dillard*, we held that a *Booker* remand was not warranted under very similar facts. As was the case herein, Dillard had stipulated in his plea agreement to a certain quantity of crack cocaine, which the district court used to calculate his sentence. Thus, there was no Sixth Amendment violation when the district court based its sentence on those facts. *Id.* at 684-85. Although the district court sentenced Dillard by applying the sentencing guidelines as mandatory rather than advisory, as was the case herein, because he had waived his right to appeal his sentence, we concluded that he could not seek a remand under *Booker*. *Id.* at 685.

In his plea agreement, Dillard expressly waived all of his appellate and habeas rights except the right to appeal the denial of his motion to suppress and *the right to appeal his sentence if it was inconsistent with the terms of the plea agreement*. *Id.*[9] (emphasis added). This same language was contained in Dossie's plea agreement. Relying on our

---

[9] Dillard's sentence of 128 months was consistent with his plea agreement which recommended a total offense level of 31. When combined with a criminal history category of II, his sentencing guideline range was 121-151 months.

21

earlier decision in *United States v. Bradley*[10] wherein we held that a valid waiver of the right to appeal contained in a plea agreement also waived a defendant's right to challenge the mandatory application of the Guidelines post-Booker, we concluded that Dillard was not entitled to a *Booker* remand. *Id.* The same result is mandated here.

Dossie seeks to distinguish the facts of this case from our holding in *Bradley* by arguing that "he did not agree to be sentenced pursuant *only* to the Sentencing Guidelines as the defendant in *Bradley* had." (Dossie's Brief at 28-29). However, Dossie's argument that he did not agree that the district court would mandatorily apply the Guidelines is a futile attempt to ignore the very terms of his own plea agreement, which expressly recognized that the district court was "required by Title 18, Section 3553, United States Code, to consider any and all applicable guidelines issued by the United States Sentencing Commission that are in effect on the date the defendant is sentenced." J.A. at 122. Furthermore, our conclusion in *Bradley* that a defendant's "willingness to be sentenced under the Guidelines and generally to waive his right to appeal binds him no less now than it did when he signed the agreement." *Bradley,* 400 F.3d at 466.

Because Dossie waived his right to appeal his sentence which was not inconsistent with the terms of the plea agreement, *Dillard* and *Bradley* control and Dossie is not entitled to a *Booker* remand.

III.    Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

---

[10]  400 F.3d 459, 465 (6th Cir. 2005).

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Because I believe that Dossie's previous convictions for occupying a drug premises are properly characterized as loitering offenses, I dissent from the majority opinion's conclusion that the district court did not commit plain error in assessing criminal history points on the basis of these convictions.

United States Sentencing Guideline § 4A1.2(c)(2) provides that sentences for loitering or "offenses similar to" loitering "are never counted" in computing a defendant's criminal history score. "[N]either the Guidelines nor the commentary suggest that an excluded offense may be counted depending on the purpose for which it was committed." *United States v. Moore*, 288 F. Supp. 2d 955, 956 (E.D. Wisc. 2003); *see also United States v. Paul*, No. 97-1270, 1998 WL 398808, at *1 (2d Cir. June 8, 1998) (unpublished order) ("[T]here is no explanatory note to § 4A1.2(c)(2) in the Sentencing Guidelines that indicates that certain types of loitering are not to be exempted from the Criminal History Category."). The majority points out that Akron Municipal Code § 138.25 penalizes "occupying and remaining on drug premises" in addition to loitering; thus, the majority concludes that the inclusion of the term "loitering" in § 138.25 "does not transform Dossie's occupying a drug premises offenses into simple, non-countable loitering offenses." Majority Op. However, § 4A1.2(c)(2) covers offenses such as loitering, "by whatever name they are known." The fact that § 138.25 contains the terms "occupy" and "remain" in addition to "loiter" does not change the fact that this ordinance is designed to penalize loitering. I would accordingly remand this case with instructions to exclude the two criminal history points that were added on the basis of Dossie's municipal violations.